FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

98 JUL 16 PM 3:37

U.S. DISTRICT COURT
N.D. OF ALABAMA

GUNTERSVILLE BOAT MART,            )
                                   )
            Plaintiff,             )
                                   )
vs.                                )   CV 98-PT-0329-M
                                   )
BRUNSWICK CORPORATION,             )
                                   )
            Defendants.            )

ENTERED

JUL 16 1998

Memorandum Opinion

This cause comes on to be heard on defendant's motion for summary judgment filed on June 9, 1998. The plaintiff acknowledges that in order to prevail "it must demonstrate facts establishing that existence of a fiduciary relationship. . . ." In attempting to demonstrate such a relationship, plaintiff notes several inapposite circumstances such as relationships between principal and agent, officers, directors and stockholders of corporations, franchisors and franchisees, etc.

The pertinent agreement includes inter alia, the following:

11. **No Agency Created:** It is understood and agreed that Dealer is not, nor shall it at any time represent itself to be, the agent, employee, representative or franchisee of Fisher. Dealer shall not enter into any contract of commitment in the name of or on behalf of Fisher.

* * *

18. **Appointment of Dealer:** Fisher hereby appoints Dealer as its authorized dealer for the retail sale, display, and servicing of Fisher's product(s) (hereinafter "products").

The following geographic area will be the primary "Marketing Area" into which Dealer will promote, sell and service Products (if not described, the Marketing Area is the area local to Dealer):
MTA#(s): 4358
BOAT SHOWS 4306
The appointment of Dealer for retail sale, display and service of Products is non-exclusive.

The relationship between the parties was a pure business relationship. There was no more fiduciary

14

relationship than between a car manufacturer and a car dealer. See Capital Ford Truck Sales, Inc., v. Ford Motor Co., 819 F. Supp. 155 (N.D. Ga. 1992). Cf. Floors Unlimited, Inc., v. Fieldcrest Cannon, Inc., 55 F.3d 181 (5th Cir. 1995). Furthermore, it appears that the boats involved were not covered by plaintiff's agreement.

Plaintiff's apparent concern is that the boats were sold to a non-dealer. It is difficult to see how that, in and of itself, would violate a fiduciary relationship even if one existed. It was a mere business deal to sell boats.

Defendant's motion will be GRANTED.

This 15 day of July 1998.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE